IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| YUSUF A. SHABAZZ, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden DONALD BARROW, VSP; LESLIE LUNNEY, Director of Mental Health, VSP; GDOC Comm'r JAMES DONALD; Governor SONNY PERDUE; Officer LISSIMORE; and Lt. BAILEY; | : | NO. 7:05-cv-46(HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **YUSUF A. SHABAZZ**, currently an inmate at Valdosta State Prison ("VSP") in Valdosta, Georgia, filed this *pro se* 42 U.S.C. § 1983 action against the above-named defendants, seeking both monetary and injunctive relief for various alleged violations of his constitutional rights at VSP.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

### *B.  General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

### *C.  42 U.S.C. § 1997e(e)*

42 U.S.C. § 1997e(e) provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit Court of Appeals has held in an *en banc* decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*.  **Harris v. Garner**, 190 F.3d 1279, 1286 (11th Cir. 2000).

## II.  DISCUSSION

Each of plaintiff's claims is addressed below.

### A. PRACTICE OF RELIGION

Plaintiff, a follower of Elijah Muhammed, summarily claims that Warden Donald Barrow denied the right of members of the Nation of Islam to meet at VSP.

If plaintiff is sincere in his religious beliefs, this Court must determine whether the policy in question is reasonably related to a legitimate penological interest, with deference given to the expert judgment of prison administrators. *Williams v. Secretary for the Dep't of Corrections*, 131 Fed. Appx. 682, 685 (11th Cir. 2005). Although the record is insufficient at this juncture to determine either whether plaintiff is sincere in his claim or whether the prison's policy is reasonable, this Court concludes that plaintiff's religious claim survives this initial frivolity review and will let it go forward against defendant Warden Barrow.

### B. MENTAL HEALTH ISSUES

Plaintiff, who suffers from mental health conditions, raises a number of claims against defendant Leslie Lunney, VSP Mental Health Director. According to plaintiff, Lunney failed to a) address plaintiff's confinement in segregation; b) place plaintiff on single cell status; and c) reinstate plaintiff on the a.m. pill line. Among other things, plaintiff alleges that Lunney's failure to act has placed plaintiff in imminent threat of physical and mental harm.

Although it is by no means clear that plaintiff will prevail on the merits, the Court will permit plaintiff's claims to go forward at this time against defendant Leslie Lunney.

### C. EXPOSURE TO SECOND HAND SMOKE

Plaintiff, a nonsmoker, complains in conclusory fashion that he has been exposed to second

hand smoke at VSP. According to plaintiff, there is a non-smoking policy in place, but it is not enforced.

In *Helling v. McKinney*, 509 U.S. 25 (1993), the United States Supreme Court held that prison officials may have a constitutional duty to protect inmates from high levels of environmental tobacco smoke. An inmate alleging a second-hand smoke claim must establish that the level of smoke in prison creates an unreasonable risk of serious damage to his future health. *Id.* at 35. The inmate must also show that the prison authorities knew of and manifested deliberate indifference towards the inmate's health problems. *Id.* at 32, 36.

As plaintiff does not assert any risk of serious damage to his future health as a result of alleged exposure to second hand smoke, this Court finds this allegation does not state a claim under section 1983. Accordingly, it is **RECOMMENDED** that plaintiff's second hand smoke claim be **DISMISSED**.

### D. "THE ISSUE OF PORK"

Plaintiff alleges that defendants serve pork at VSP. According to plaintiff, defendants advised him "no one is forced to eat it." Plaintiff claims that this is insufficient because pork is a "germ danger to humans" and will "contaminate any and all items near to it." Plaintiff has not been forced to eat the pork and the risk that pork will contaminate other foods is too trivial to state a claim under section 1983. Moreover, plaintiff has not alleged that he has suffered from any serious health problems or other injury as a result of the defendants' serving pork. Accordingly, it is **RECOMMENDED** that plaintiff's pork claim be **DISMISSED**.

### E. OFFICER J. LISSIMORE

Plaintiff alleges that Officer J. Lissimore issued a disciplinary report alleging that plaintiff exposed himself to her. According to plaintiff, the DR was never processed. Plaintiff nevertheless claims that the issuance of the DR places him at risk of assault by fellow inmates.

It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976). Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." ***Hudson v. Palmer***, 468 U.S. 517, 526-527 (1984). Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. ***Wilson v. Seiter***, 501 U.S. 294, 303 (1991). If a prisoner puts prison officials on notice that he is at risk of harm from other prisoners, and then suffers a harm that could have been prevented by reasonable measures, those officials may be held liable.

Plaintiff makes no specific allegations that he has been assaulted by other prisoners. Rather, plaintiff simply conclusorily alleges that he is now in "serious danger by those who care for [Officer Lissimore]." Plaintiff may have been placed at a risk of harm but a section 1983 claim arises only when the harm occurs, not when the risk of harm arises. *See **Babcock v. White***, 102 F.3d 267, 270-73 (7th Cir. 1996) (mere exposure to harm that never materializes is not actionable under the Eighth Amendment).

Accordingly, it is **RECOMMENDED** that plaintiff's claim against **OFFICER J. LISSIMORE** be **DISMISSED** and that she be **DISMISSED** as a defendant herein.

### *F.  LIEUTENANT BAILEY*

Plaintiff alleges that Lieutenant Bailey treated plaintiff in a disrespectful manner by refusing to correctly pronounce plaintiff's name.  Bailey also allegedly harassed and intimidated plaintiff, although plaintiff provides no specific facts supporting this claim.  According to plaintiff, Lieutenant Bailey is currently under investigation for assaulting another inmate.

Mere threats or verbal abuse do not amount to a violation of a federal constitutional right. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983).  Without any showing of physical injury or damage, claims of verbal harassment, including insulting or disrespectful comments, cannot form the basis of a claim under section 1983.  Plaintiff does not allege that Lieutenant Bailey physical injured him and consequently fails to state a claim.

The fact that Lieutenant Bailey is allegedly under investigation for the assault of another inmate is irrelevant to plaintiff's claim.

Accordingly, it is **RECOMMENDED** that plaintiff's claim against **LIEUTENANT BAILEY** be **DISMISSED** and that he be **DISMISSED** as a defendant herein.

### *G.  $10 CONTINGENCY FEE*

Plaintiff generally complains that the prison's policy of confiscating $10.00 from the inmates's account upon their arrival should not be permitted.

This claim must be dismissed as frivolous.  O.C.G.A. § 42-5-55 specifically grants the Department of Corrections Commissioner the authority to establish "rules and regulations criteria for a reasonable deduction from money credited to the account of an inmate."  The $10.00

contingency fee is reasonable and does not constitute an excessive deduction. Therefore, this claim must be **DISMISSED**. It is so **RECOMMENDED.**

### *H. DENIAL OF SATURDAY MAIL*

Plaintiff complains that he is denied Saturday mail delivery. However, there is no constitutional right to have mail delivered on Saturdays. *Odom v. Tripp*, 757 F. Supp. 1491, 1493 (D.C.Mo.1983) (prisons denial of Saturday mail delivery to inmates does not constitute cruel and unusual punishment); *see also Azania v. Bayh*, No. 93-2094, 1994 WL 143005, at *1 (7th Cir.1994) ("We are unaware of any precedent establishing that inmates have a constitutional right to send mail on Saturdays. Many people who do not reside in prison are also unable to send mail on Saturdays or have substantial difficulty doing so. [Footnote in original]. The alleged failure to send mail on Saturdays is reasonably related to legitimate administrative concerns and thus is constitutional.").

Accordingly, it is **RECOMMENDED** that plaintiff's Saturday mail claim be **DISMISSED**.

### *I. WORKING FOR FREE*

Plaintiff complains, again in conclusory fashion, that he is required to work for free. It has been established that prisoners can be required to work. *Mendoza v. Lynaugh*, 989 F.2d 191, 194 n.4 (5th Cir. 1993); *see Omasta v. Wainwright*, 696 F.2d 1304 (11th Cir. 1983). The Eighth Amendment's prohibitions against cruel and unusual punishment is implicated only where prisoners are compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes pain. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (citing *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)).

Plaintiff does not allege that it was beyond his physical capabilities or strength to work, or that by working, his life or health was endangered or he experienced pain. Therefore, plaintiff's claim that he was forced to work for free does not violate the constitution and this claim must be **DISMISSED**. It is so **RECOMMENDED.**

### *J. STANDING FOR COUNT*

Plaintiff alleges that he is forced to stand for count (a process in which prison officials count the inmates), which takes plaintiff away from studying, relaxing, or meditating.

Plaintiff's claim must fail as plaintiff does not allege that he was denied any constitutional right which would support a section 1983 action. Prison administrators are free to make their own rules regarding prison procedures and discipline, as long as they do not violate any constitutional rights. ***Bell v. Wolfish***, 441 U.S. 520 (1979). The fact that VSP officials make inmates stand for count implicates no constitutional rights. Additionally, plaintiff has not alleged that he has personally suffered any physical injury. Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**.

### *K. CLOTHING*

Plaintiff alleges that he has been denied "street clothing" and "regular footwear." Again, plaintiff does not allege any injury or even that plaintiff is not adequately clothed. Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**.

### *L. PRISON TELEPHONE SYSTEM*

Plaintiff's specific claims with respect to prison telephones are not clear, although he appears

to complain that he can only place calls to individuals named on a pre-approved list and that his calls are subject to monitoring.  In *Pope v. Hightower*, 101 F.3d 1382, 1385, the Eleventh Circuit Court of Appeals approved of telephone lists as reasonable restrictions on prisoners' access to telephones, especially in light of alternative means of communication.  *Id.* at 1385.  Similarly, Courts have held that prisoners do not have a reasonable expectation of privacy on prison phone lines. *United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir.1989); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985) (prison officials can reasonably limit prisoner's activities when necessary to maintain security and can place reasonable limitations on prisoners' rights to communicate with people outside prison).

"The exact nature of telephone service to be provided to inmates is generally to be determined by  prison administrators, subject to court scrutiny for unreasonable restrictions." *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1563-64 (D.Kan.1993), *aff'd*, 17 F.3d 1436 (10th Cir.1994).  *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir.1994).

Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**.

### *M.  CONJUGAL VISITS*

Plaintiff complains about the VSP policy denying conjugal visits.  According to plaintiff, such a policy results in homosexual conduct among the inmates.

The Supreme Court has held that prisoners do not have a constitutional right to conjugal visits. *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989); *Block v. Rutherford*, 468

U.S. 576, 585-88 (1984). Accordingly, this claim must be **DISMISSED** as frivolous. It is so **RECOMMENDED**.

### N.  GDOC COMMISSIONER JAMES DONALD & GOVERNOR SONNY PERDUE

Plaintiff contends that James Donald, as Commissioner for the Georgia Department of Corrections, and Sonny Perdue, as Governor of Georgia, are responsible for their subordinates' failings. Plaintiff makes no other, more specific allegations against Commissioner Donald or Governor Perdue.

A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless "the supervisor personally participates in the alleged unconstitutional conduct or [] there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." ***Cottone***, 326 F.3d at 1360. Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 694 n.58 (1978). Plaintiff's factual assertions are insufficient to show supervisory liability on

the part of Commissioner Donald or Governor Perdue.

Accordingly, it is it is **RECOMMENDED** that plaintiff's claims against Commissioner Donald and Governor Sonny Perdue be **DISMISSED**.

### *O. REMAINING CLAIMS*

Plaintiff raises numerous other claims, including denying him a television in his cell and forcing plaintiff to say "sir, good morning, sir," that lack merit. The Court has considered each of such additional allegations raised by plaintiff and finds them to be frivolous. Accordingly, it is **RECOMMENDED** that such claims be **DISMISSED**.

### *III. SUMMARY*

Based on the above, the Court **RECOMMENDS** that the allegations set forth in Section II, Paragraphs C through O be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915e(2). Because the above claims are the only claims alleged against the following defendants, the undersigned **RECOMMENDS** that Officer J. Lissimore, Lieutenant Bailey, Commissioner James Donald, and Governor Sonny Perdue be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

In light of the foregoing, the Court will, by separate order, allow plaintiff's religious and mental health claims against Warden Donald Barrow and Mental Health Director Leslie Lunney,

respectively, to go forward.

**SO RECOMMENDED**, this 21st day of December, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE