# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**YUSUF A. SHABAZZ,**  :
                                         :
    Plaintiff,                    :
                                         :
v.                                    :     Civil Action No. 7:05-cv-46(HL)
                                         :
**Warden DONALD BARROW, VSP,**  :
**et al.,**                             :
                                         :
    Defendants.                 :
_____

## **ORDER**

This matter is before the Court on the Recommendations of United States Magistrate Judge Richard Hodge, entered December 21, 2005 [doc 5] and January 11, 2006 [doc 9]. After consideration of the Recommendations and the objections thereto, the Court accepts the same as more fully set forth below.

**I.    PROCEDURAL HISTORY**

On May 26, 2005, Plaintiff, Yusuf A. Shabazz, filed a complaint in this Court against the Warden, Donald Barrow, and various officials of Valdosta State Prison. Plaintiff's statement of his claim, as presented in his complaint is vague, stating only as follows:

> Made inquiry regarding the ingredients of jello. Next, asked to be allowed Nation of Islam meetings as was currently being allowed to other religious groups. Then the tobacco and pork issues, as health risks, was articulated, in writing, to the Defendants and Agents. After that came an incident where my safety (and Life) was put in danger by a Staff Member. Soon after, another potentially dangerous Life threatening situation took place. All incidents, in writing, was made known, via grievance forms.
> Staff Members like Counselors Roann; Barnes; Singleton; Cook, plus

> Mental Health persons like Ms. Lunney; Ms. C. Brown and Ms. Carver; then–physical health persons like Dr. Moody and Nurse Beth; the Security people like Captain Morris; Sgt. McDogal; Deputy Philbin; Deputy Angebo are just some of the many people I have voiced my concerns to: absolutely to no avail.
> Plaintiff has tried to go by the "rules" and has exhausted all avenues of recourse.

(Compl. at 4.)  In addition to his complaint, however, Shabazz filed another document on May 26, 2005, which he styled "Summary Judgment."  The Clerk docketed Shabazz's "Summary Judgment" as a motion [doc 3].  The case was then referred to the Magistrate Judge for initial review.

In the "Summary Judgment," Shabazz provided more detail as to the claims raised in his complaint.  The Magistrate Judge considered the statements presented in the "Summary Judgment" in conducting the initial review of Shabazz's complaint.  In his Recommendation, entered December 21, 2005, the Magistrate Judge recommended that the claim against Warden Barrow for denying Shabazz the right to practice his religion would be allowed to go forward and also recommended that Shabazz's claim against Leslie Lunney, for deliberate indifference to his mental health, be allowed to go forward. The Magistrate Judge then recommended that all other claims and all other Defendants be dismissed.  In a separate Recommendation entered January 11, 2006, the Magistrate Judge recommended that the "Summary Judgment" be denied.

Shabazz submitted written objections to the Recommendations of the Magistrate Judge. In his objections to the Recommendation entered December 21, 2005, he challenged the Magistrate Judge's recommendation to dismiss his claims (1) for injury resulting from second-hand smoke; (2) for injury resulting from the cooking and serving of pork at the prison; and (3) against Officer Lissimore for deliberate indifference stemming from her act of issuing a

disciplinary report in which she claimed he exposed himself to her. In objections filed January 23, 2006, Shabazz challenged the denial of summary judgment. The Court will give de novo consideration to those issues as to which objection has been made, in accordance with 28 U.S.C.A. § 636(b)(1) (West Supp. 2005).

## II.   ANALYSIS

### A.  Recommendation of December 21, 2005

#### 1.  Exposure to Second-Hand Smoke

In the "Summary Judgment," which the Court will treat as part of the complaint, Shabazz notes that prisoners are not allowed to smoke in the prison building, but that the no-smoking rule is often violated and, as a result, smoke is released into the building, causing contamination. The Magistrate Judge concluded that these allegations were insufficient to state a claim for injury under 42 U.S.C.A. § 1983. In his objections, Shabazz argues that the Magistrate Judge has placed an unreasonable burden on him to establish the risk to which he is exposed.

A prisoner whose conditions of confinement place him at great risk for physical injury resulting from exposure to environmental tobacco smoke ["ETS"] may be able to maintain a claim against prison officials for a violation of the prisoner's rights under the Eighth Amendment. *See* Helling v. McKinney, 509 U.S. 25, 113 S. Ct. 2475 (1993). However, a prisoner seeking to prevail under such a claim must do more than merely allege that tobacco smoke escapes into the air at the prison; he "must show that he himself is being exposed to unreasonably high levels of ETS." Id. at 35, 113 S. Ct. at 2482. Shabazz's complaint fails to

set forth a claim under the Eighth Amendment because it fails to allege that he is exposed to unreasonably high levels of ETS.

Shabazz maintains that he is being asked to provide information that only an expert can provide. This is not true. Shabazz's complaint fails as to this claim because it alleges that because *some* prisoners break the rules, and *some* smoke escapes into the prison, he *might* be at risk for future injury. Such allegations are simply too vague and conclusory to state a claim for exposure to ETS. Accordingly, the Court finds no error in the Magistrate Judge's decision to dismiss Shabazz's claim for injury resulting from second-hand smoke.

### 2. The Issue of Pork

Shabazz seeks to stop Defendants from serving pork at the prison. The Magistrate Judge noted that Shabazz had not alleged that he had been forced to eat pork or that the serving of pork at the prison had caused him actually injury. The Magistrate Judge concluded, therefore, that Shabazz had failed to state a claim for injury under § 1983 as a result of the Defendants' acts of serving pork at the prison. In his objections, Shabazz maintains that the germs in pork pose a danger to all humans and these germs can be passed from pork to humans in a variety of ways. He maintains that the serving of pork puts him at risk for, among other things, trichinosis, asthma, heart disease, and syphilis.

As with the risks presented by ETS, the Court finds that Shabazz's claims are insufficient to state a claim. While his concerns are perhaps not trivial, his allegations that exposure to pork can result in various diseases are simply too speculative to allow him to go forward with a claim for injury against any of the Defendants; he cannot identify how the acts of the Defendants in serving pork may have caused him injury or exposed him to the risk of

serious injury. Accordingly, the Court finds no error in the Magistrate Judge's decision to dismiss Shabazz's claim for injury resulting from exposure to pork.

### 3. Officer Lissimore

In the "Summary Judgment," Shabazz alleges that Officer J. Lissimore is an elderly female guard who is well-liked by the prisoners. He claims that she issued a disciplinary report against him, stating that he exposed himself to her. He maintains that because she is well-liked by the other prisoners, he is now at risk of injury by the other inmates. The Magistrate Judge found that these allegations were insufficient to state a claim under § 1983 and recommended that the claim against Officer Lissimore be dismissed and that she be dismissed as a Defendant. In his objections, Shabazz maintains that he was overwhelmed with fear from January 10, 2005 until August 18, 2005, when he was transferred, as a result of Officer Lissimore's disciplinary report.

The Court agrees with the Magistrate Judge that Shabazz's subjective fear of physical reprisal is insufficient to sustain a claim under § 1983. As the United States Court of Appeals for the Seventh Circuit noted in Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996), "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." Thus, Shabazz's allegations that he believed he was in danger because of Officer Lissimore's disciplinary report are insufficient to state a constitutional violation.

Except for the allegations that the disciplinary report placed him in apprehension of reprisal, which are not actionable, Shabazz alleges no other injury arising from the filing of the disciplinary report. To the contrary, he acknowledges that the report was never processed to

completion. (Summ. J. at 6.)  Therefore, Shabazz has failed to state a claim under § 1983. Accordingly, the Court finds no error in the Magistrate Judge's decision to dismiss Shabazz's claims against Officer Lissimore and to dismiss Officer Lissimore as a Defendant.

### B.  Recommendation of January 11, 2006

In a Recommendation entered January 11, 2006, the Magistrate Judge recommended that Shabazz's Motion for Summary Judgment be denied.  Shabazz filed objections to the Recommendation, arguing, among other things, that "this matter deserves to be held, and heard, in open Court."

Although docketed as a Motion for Summary Judgment, it is the opinion of this Court that Shabazz's "Summary Judgment" filing was more in the nature of a supplement to his complaint than an actual motion for summary judgment.  However, to the extent that Shabazz intended to move for summary judgment, such motion must be denied.  A motion for summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  No such determination can be made at this point in the proceedings. Accordingly, the Court agrees with the Magistrate Judge that Shabazz's Motion for Summary Judgment must be denied.

### III.  CONCLUSION

In sum, the Court accepts the Recommendation of the Magistrate Judge entered December 21, 2005 [doc 5], and also accepts the Recommendation of the Magistrate Judge

entered January 11, 2006 [doc 9]. Defendants Officer J. Lissimore, Lieutenant Bailey, Commissioner James Donald, and Governor Sonny Perdue are hereby dismissed. Additionally, those claims noted in the Recommendation of December 21, 2005, are also dismissed. The Motion for Summary Judgment is denied.

**SO ORDERED**, this the 29th day of March, 2006.

**s/   Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls