IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YUSUF A. SHABAZZ, | |
| Plaintiff, | |
| VS. | CIVIL ACTION FILE NO. 7:05-cv-46 (HL) |
| Warden DONALD BARROW, VSP, et al., | |
| Defendants. | |

**O R D E R**

Presently pending in this § 1983 civil action brought by a State of Georgia prisoner is his motion to amend the complaint which, if granted, will add new defendants and new claims.

*Procedural History*

Plaintiff's initial complaint, filed on May 26, 2005, contained a myriad of claims against a host of potential defendants (doc. # 2) and encompassed occurrences and circumstances arising while the Plaintiff was housed at Valdosta State Prison (complaint). After conducting the frivolity screening required by 28 U.S.C. § 1915A the undersigned, on December 21, 2005, recommended that only plaintiff's claims against Warden Donald Barrow for allegedly not letting Nation of Islam adherents meet at Valdosta State Prison and claims against Mental Health Director Leslie Lunney for being deliberately indifferent to plaintiff's mental health needs be allowed to proceed (doc. # 5). The district judge to whom this matter has been assigned adopted this recommendation over objection on March 29, 2006 (doc. # 17). Defendants Barrow and Lunney filed their answer(s) on February 15, 2006 (doc. # 13).

*Analysis*

The motion to amend the complaint (doc. # 27) was filed on or about June 9, 2006, almost four months after the filing of the answer of defendants. Therefore, this is not a situation wherein the Plaintiff may amend his complaint once as a matter of right as would be the case if the motion to amend had preceded the filing of the answer. <u>See</u> Fed. R. Civ. Pro. 15(a). Also of significance is the fact that the circumstances about which Plaintiff complains in his motion to amend arose while he was at Washington State Prison and have no relation to the claims arising at Valdosta State Prison.

Plaintiff first seeks to add a claim regarding the manner in which the laundry is handled at Washington State Prison compared to the way it was handled at Valdosta State Prison. Plaintiff alleges that while at Valdosta State Prison all of his issued clothing and linen items were clearly stamped with his name and ID Number so that he always received back from the laundry the same items he sent. He complains that this is not the case at Washington State Prison and that he never gets back the same items he sent to the laundry. It is assumed that Plaintiff seeks to add Warden Tydus Meadows and Deputy Warden McDade as defendants on this claim as they are the only individuals named in the motion to amend from Washington State Prison.

Without considering whether plaintiff has even stated a claim of a constitutional violation regarding his laundry, he has failed to allege the existence of a physical injury as required by § 1997e(e) of the Prison Litigation Reform Act which states,

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff's failure to allege a physical injury is clearly fatal to this claim. For this reason, this portions of plaintiff's Motion to Amend the Complaint is **DENIED.** .

In his motion plaintiff also complains that the policies at Washington State Prison regarding the amount of indigent postage an inmate is allowed per week violates his constitutional rights as it denies him <u>unhindered</u> access to the court (doc. # 27, p. 3)(emphasis added). Again, it appears that this allegation of constitutional misconduct is directed at Tydus Meadows, Warden at Washington State Prison. For the reasons set out below this portion of plaintiff's Motion to Amend is also **DENIED**.

Initially it is noted that plaintiff is relying on an improper standard with regard to access to the courts by indigent prisoners. Plaintiff is entitled constitutionally to only meaningful, as opposed to unhindered access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817 (1977).

> . . . <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

<u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996).

> For purposes of legal mail, plaintiff Robertson was not entitled to unlimited stamps and photocopies. . . . The Supreme Court in <u>Bounds v. Smith,</u> 97 S.Ct. 1491 (1977). 430 U.S. 817, 824-25 (1977) held that "it is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notorial services to authenticate them, and stamps to mail them." This however does not entitle inmates to unlimited free postage. The Eleventh Circuit in <u>Hoppins v. Wallace</u>, 751 F.2d 1161 (11th Cir. 1985) affirmed a district Court's judgment for defendants in an action by state prisoners challenging as inadequate a prison policy of providing 2 free stamps per week for use to access the courts. <u>Hoppins, supra,</u> 751 F.2d at 1161-62. In doing so, the Eleventh Circuit acknowledged the Supreme Court's holding regarding indigents, postage and access to the Courts. <u>Hoppins,</u>

> supra, at 1162 (citing Bounds, supra, 430 U.S. at 824-25), while citing with approval Tyman v. Crisp, 584 F.2d 532, 539 (10th Cir. 1978) in which the Tenth Circuit had determined that the rights of prisoners must be balanced with budgetary constraints, and "interpreted Bounds not to require states 'to pay the postage on every item of legal mail each and every prisoner wishes to sent.'" Hoppins, supra, 751 F.2d at 1161 (quoting Tyman, supra, 584 F.2d at 359).

Robertson v. McCray, 2006 WL 2882503 (2006 S.D. FL.)

If the Eleventh Circuit found in Hoppins, supra that Alabama limiting indigent prisoners to two stamps per week for legal mail did not infringe upon their rights to meaningful access to the courts it seems clear that Georgia's policy of providing five stamps on a weekly basis for legal mail plus one 'special mailing' per week will also pass constitutional muster.

Plaintiff's motion to amend his complaint pertaining to his allegations of inadequate indigent postage for legal mail must also fail for yet another reason — namely, his failure to allege any type of injury suffered as the result of the policy about which he complains. In order to state a cognizable claim of denial of access to the courts, plaintiff must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To prove actual injury, the prisoner must "demonstrate that the alleged [inadequacies] . . . hindered his efforts to pursue a legal claim." *Id.* at 351. Plaintiff has not shown any injury due to the alleged inadequacies as to the amount of indigent postage he is allowed per week for legal mail. His motion to amend his complaint must also be denied for this reason as well.

Therefore, for all of the reasons set out above plaintiff's Motion to Amend his complaint is **DENIED.**

SO ORDERED, this 11th day of January 2007.

*/s/ Richard L. Hodge*  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE