IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| YUSAF SHABAZZ, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 05-CV-46 (HL) |
| Warden DONALD BARROW, VSP, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are summary judgment motions filed by defendants Donald Barrow and Lesley Lunney. The undersigned notified the plaintiff of the filing of the defendants' motions, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action in May 2005, raising numerous allegations against various defendants regarding the conditions of his confinement at Valdosta State Prison ("VSP"). Following a frivolity review pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed certain claims and defendants. Plaintiff's remaining claims are as follows: 1) that Warden Donald Barrow denied members of the Nation of Islam the right to meet at VSP; and 2) that defendant Lunney, VSP Mental Health Director, failed to address certain issues regarding the plaintiff's mental health, placing him in imminent danger of physical and mental harm.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Defendant Barrow has supported his Motion for Summary Judgment with his affidavit, as well as pertinent portions of prison regulations.  Defendant Lunney has supported her summary judgment motion with her affidavit as well as the affidavit of certain Department of Corrections officials.

*Freedom of religion claim*

The plaintiff asserts that Warden Donald Barrow denied the members of the Nation of Islam the right to meet at VSP.  "A prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable."  Hakim v. Hicks, 223 F.3d 1244, 1247 (11th Cir. 2000).  In determining whether a prison policy or regulation is reasonable, the court must consider: 1) whether the policy has a logical connection to legitimate governmental interests; 2) whether alternative means of exercising the constitutional right remain open to the inmate; 3) whether and to what extent accommodation of the right will

impact the prison environment; and 4) whether the prison policy is an exaggerated response to prison concerns. Turner v. Safley, 107 S. Ct. 2254, 2261 (1987); O'Lone v. Estate of Shabazz, 107 S. Ct. 2400 (1987).

In his Motion for Summary Judgment, defendant Barrow asserts that in July 2004 the plaintiff requested that the Nation of Islam be permitted to have its own worship service. Barrow referred plaintiff's request to Chaplain Miller, who advised Barrow that pursuant to Standard Operating Procedures, members of the Nation of Islam were not entitled to their own worship service apart from the standard service provided for Muslims. Barrow further testifies in his affidavit that as Warden at VSP, he always ensured that all Standard Operating Procedures that related to religious service were followed, and that pursuant to these Standard Operating Procedures, the plaintiff could have requested that one minister of his choice be placed on his visitation list for pastoral visits. Barrow further testifies that

> [i]f members of the Nation of Islam had been permitted to have their own separate worship service, at least one correctional officer would have been diverted from his or her normal duties to monitor the service for security reasons. If a moderate to large number of inmates had attended the Nation of Islam service, several officers could have been required to monitor it. The diversion of any officer from his normal post poses a threat to the safety to the other staff and inmates in the institution, and the threat to the safety of other staff and inmates only increases as more officers are diverted.

Barrow affidavit at ¶ 5.

In response to defendant Barrow's summary judgment showing, the plaintiff has submitted an unsworn statement in which he asserts that the Nation of Islam is not part of the Al-Islam group that regularly holds religious services at VSP and that other religious services held at the prison did not require special security. The plaintiff does not offer any form of support for these

assertions, and as such, they remain mere speculation as to the circumstances surrounding religious services at VSP.

Viewing all facts and reasonable inferences in the light most favorable to the plaintiff as the non-moving party herein, the prison policies regarding provision of religious services appear to be reasonable and therefore constitutional. Department of Corrections Standard Operating Procedure VA01-0008 provides for a "regularly scheduled service for the Islamic faith that is open to all on a voluntary basis. This service is generic and does not confine itself to any one school of thought and is open to all Muslims. This is the same criteria we use with Protestant services in that we do not set up services for each denomination." Plaintiff's claim is not that he was denied religious services but that the services provided were not tailored to his specific beliefs. It is clear that the prison policy of providing one service for the Islamic faith has a logical connection to the legitimate governmental interests of maintaining order and avoiding the cost and organizational demands of providing services for each and every religious sect and school of thought. Additionally, it is clear that the plaintiff was provided with alternative means of exercising his constitutional right to the free exercise of religion, in the services provided and in the provision for "[m]embers of specific schools of thought or sects . . . to contact the chaplain and arrange for one minister of their choice to be placed on their visitation list for a pastoral visit . . . [to] give them access to a minister of their school of thought." S.O.P. § VA01-0008 ¶ VI (A) (2). As such, defendant Barrow is entitled to the entry of summary judgment.

*Mental health treatment*

In her Motion for Summary Judgment, defendant Lunney argues that the plaintiff failed to exhaust his administrative remedies pursuant to the PLRA in regard to his claims that she was deliberately indifferent to his mental health needs and conditions. Defendant Lunney has

4

supported her motion with the affidavit of Shevondah Fields, Manager of the Office of Investigations and Compliance with the Georgia Department of Corrections, who states that, understanding plaintiff's claims of deliberate indifference as to defendant Lunney, "[a]fter a review of Inmate Shabazz's grievance history, I found that Inmate Shabazz has not filed any grievance regarding the issues of this lawsuit." Fields affidavit at ¶ 11.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).

The plaintiff has not established that he actually pursued the grievance process in regard to his claims against defendant Lunney. In his unsworn response to defendant Lunney's summary judgment motion, the plaintiff indicates that he only contacted the "folks right there at the jail, for the G.D.O.C. have no rules that they consistently abide by regarding inmate treatment." The plaintiff has not produced a copy of this apparently informal grievance, nor has he presented his assertions in the form of a sworn statement or affidavit. As such, the undersigned has no choice but to conclude that the defendant's summary judgment showing that the plaintiff did not pursue or file a grievance regarding the claims against defendant Lunney underlying this lawsuit remains undisturbed by the plaintiff's response. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut defendant Lunney's summary judgment showing the court must conclude that the claims brought against this defendant remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the motions for summary judgment filed by defendants Barrow and Lunney be **GRANTED**. It is further recommended that plaintiff's pending Motion to Restrain certain officials from changing his mental health level be **DENIED**, inasmuch as the officials plaintiff seeks to restrain are not parties to this lawsuit, and inasmuch as this motion was filed after the filing of defendants' motions for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of February, 2008.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

6