# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **YUSUF A. SHABAZZ,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-46(HL) |
| **Warden DONALD BARROW, VSP, et al.,** | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Richard Hodge, entered February 5, 2008 (Doc. 82), in which the Magistrate Judge recommends that the Motions for Summary Judgment of Defendants Donald Barrow and Lesley Lunney (Docs. 62 and 70) be granted, and that Plaintiff's Motion to Restrain (Doc. 76), as amended (Doc. 77), be denied. Plaintiff, Yusuf Shabazz, has filed objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). After giving de novo consideration to those portions of the Recommendation to which objection is made, the Court accepts the Recommendation, as modified below.

Shabazz filed the complaint at issue in 2005, while he was incarcerated at Valdosta State Prison (VSP) in Lowndes County, Georgia. After reviewing the complaint and other filings, the Magistrate Judge concluded that Shabazz intended to bring a claim against Warden Donald Barrow for denial of his right, as a member of the Nation of Islam, to have a separate meeting place for religious services at VSP. The Magistrate Judge further concluded that Shabazz

intended to bring a claim against Lesley Lunney for failing to address various issues related to his mental health condition. The Magistrate Judge recommended that all other claims and all other issues be dismissed. The Court subsequently adopted the Magistrate Judge's Recommendation. Thus, only Shabazz's claims against Donald Barrow and Leslie Lunney remain for determination.

## Claim Against Donald Barrow

With respect to his claim against Barrow, Shabazz alleges he is "a follower of the Teachings of the Most Honorable Elijah Muhammad, The Messenger of Allah and The Minister Louis Farrakhan." (Pl.'s Mot. Summ. J. at 4.) He alleges he "asked to be allowed Nation of Islam meetings as was currently being allowed to other religious groups." (Compl. at 4.) In a separate document, which the Court treated as a supplement to the complaint, Shabazz claimed to have asked Barrow in July of 2004 to be allowed to meet for religious purposes with members of the Nation of Islam. (Pl.'s Mot. Summ. J. at 5.) He claims that Barrow referred the matter to Chaplain Miller, who denied the request. (Pl.'s Mot. Summ. J. at 5.)

Barrow viewed Shabazz's claim against him as a free exercise of religion claim and moved for summary judgment on the ground that his actions were reasonably related to a legitimate penological interest. He asserted, by affidavit testimony, that individual sects or denominations within a major religion were not permitted to have their own separate worship service, because that would have required that one or more correctional officer be diverted from his normal duties to monitor the service, which would have created a security risk. He asserts that Shabazz could have requested that a minister of his choice be placed on a visitation list for pastoral visits, which would have served as an accommodation of his religious needs.

As the Magistrate Judge noted, Shabazz disputes the affidavit testimony given by

Barrow, but makes only conclusory statements in this regard. He has offered no sworn testimony that contradicts Barrow's affidavit testimony and has offered no evidence that would serve to create issues of fact for a jury. Perhaps recognizing these shortcomings, Shabazz's pleadings ask the Court to allow an expert to look into the situation. Shabazz's request must be denied, however, as the occasions on which a district court should inject itself into a case in the manner requested by him are few, if any, and the resources upon which it could draw to finance such an undertaking are scarce. Nothing offered by Shabazz demands such measures here.

In short, the Court agrees with the Magistrate Judge that Barrow has shown that his policy with respect to religious services for individual denominations is reasonably related to a legitimate government interest in prison safety; that accommodating the individual sects could have a negative impact on prison security; and that Shabazz was provided with alternative means of exercising his religious beliefs. Shabazz has offered no admissible evidence to create questions of fact for a jury as to these issues. Therefore, the Court accepts the Recommendation as to Barrow; Barrow's Motion for Summary Judgment is granted.

### Claims Against Lesley Lunney

Shabazz's claims against Leslie Lunney are that she failed to address certain issues regarding his mental health, placing him in danger of physical and mental harm. Lunney has moved for summary judgment on the ground that Shabazz failed to exhaust his administrative remedies, as mandated by the Prison Litigation Reform Act. The Magistrate Judge found that Shabazz failed to show that he pursued the grievance process with respect to the claims he now seeks to bring against Lunney, and recommends that summary judgment be granted.

Shabazz has responded to the Recommendation by voicing his dissatisfaction with the grievance system in general, stating, "The G.D.O.C, with the help of those who want[] to be a

friend of the G.D.O.C., have put into place rules, regulations, polic[ies] and practi[c]es that are designed to thwart, hinder, discourage, delay and defeat the lawful actions some prisoners bring against them." (Obj. at 3.) However, Shabazz has offered nothing that suggests that he complied with the system grievance procedures so as to avoid the bar of the Prison Litigation Reform Act.

As a result of Shabazz's failure to come forward with any admissible evidence showing that he has exhausted his administrative remedies, the Court accepts the Recommendation insofar as it finds that Defendant Lunney is entitled to judgment as a matter of law on the issue of exhaustion. The Court does not, however, grant summary judgment as to the merits of the respective claims brought by Shabazz against Defendant Lunney. Rather, the Court dismisses these claims without prejudice as a result of the failure to exhaust.

In view of the foregoing, therefore, the Court accepts the Recommendation insofar as it grants the Motion for Summary Judgment of Defendant Barrow. The Court also accepts the Recommendation insofar as it finds that Defendant Lunney is entitled to judgment as a matter of law on the issue of whether Shabazz has exhausted his administrative remedies and summary judgment is granted as to that issue. Having determined that Shabazz failed to exhaust his administrative remedies, all claims against Defendant Lunney are dismissed without prejudice. Plaintiff's Motion to Restrain (Doc. 76), as amended (Doc. 77), is denied. There being no other claims remaining, the Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this the 10th day of March, 2008.

*s/ Hugh Lawson*

**HUGH LAWSON, JUDGE**

mls