# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **YUSUF A. SHABAZZ,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-46(HL) |
| **Warden DONALD BARROW, VSP, et al.,** | : | |
| Defendants. | : | |

## ORDER

Plaintiff, Yusuf Shabazz, has filed a document styled "Traverse to Court Order of March 10, 2008" (Doc. 90), which was filed on April 4, 2008. The document was docketed by the Clerk's office as a Motion for Reconsideration and, in the Court's view, does in fact appear to be an effort to persuade the Court to set aside its Order entered March 10, 2008. Therefore, the Court will treat Shabazz's filing as a Motion for Relief from Judgment brought pursuant to Federal Rule of Civil Procedure 60(b).

Prior to the filing of his Motion for Reconsideration, however, Shabazz also filed a Notice of Appeal that was docketed on March 24, 2008. Because Shabazz has filed an appeal with the Eleventh Circuit, before ruling on any pending motion, this Court must determine whether it has jurisdiction to address the motion. As a general rule, "the filing of a notice of appeal divests the district court of jurisdiction over a case." Weaver v. Florida Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). However, "[t]he general rule regarding divestiture of jurisdiction . . . does not apply to collateral matters not affecting the questions presented on

appeal." Id. at 773.  Moreover, the Eleventh Circuit "has decided that a district court retains jurisdiction to consider and deny a Rule 60(b) motion filed after the perfection of an appeal of the original decision."  Wilson v. Thompson, 638 F.2d 801, 803 (5th Cir. Unit B 1981) (citing Lairsey v. Advance Abrasives Co., 542 F.2d 928 (5th Cir. 1976)).  *See also* Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (citing Wilson and holding same).  Thus, this Court has jurisdiction to consider and assess the merits of a Rule 60(b) motion filed after the notice of appeal.

In assessing Shabazz's Rule 60(b) Motion, the Court finds that it is not meritorious.  Shabazz offers little that has not previously been presented to and considered by the Court.  Shabazz's Motion consists primarily of arguments he has made to this Court in other documents, or is merely an expression of his dissatisfaction with the prison grievance system and the legal system's response to it.  Shabazz offers nothing that would entitle him to relief from judgment in accordance with Rule 60(b).  Therefore, his Motion for Reconsideration is denied.

**SO ORDERED**, this the 14th day of April, 2008.

                                            *s/ Hugh Lawson*
                                            **HUGH LAWSON, JUDGE**

mls