# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **YUSUF A. SHABAZZ,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-46(HL) |
| **Warden DONALD BARROW, VSP, et al.,** | : | |
| Defendants. | : | |

## **ORDER**

Plaintiff, Yusuf A. Shabazz, has filed a "Motion to have Case Heard Before the Court" (Doc. 97), in which he complains that the Court erroneously disposed of his claims without allowing him the benefit of a hearing or a trial. Shabazz contends the Court's actions demonstrate such prejudice that the undersigned is required to recuse himself from further action on this case. In the event the Court declines to recuse, Shabazz asks that he get a hearing to further explore the matter of recusal, as well as all other matters related to his case, and that an attorney be appointed to assist him.

Because Shabazz filed a Notice of Appeal[1] on March 24, 2008, before the filing of the Motion at issue here, this Court must first address its jurisdiction to consider the Motion. As a general rule, "the filing of a notice of appeal divests the district court of jurisdiction over a case." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th

---

[1] Shabazz actually filed a document styled "Permission to Enter into 11th Circuit District Court," which the Clerk's office docketed as a Notice of Appeal from the Order (Doc. 84) granting summary judgment to Defendants, and the Judgment (Doc. 85) on the Order. That appeal is pending.

Cir. 1999). However, "[t]he general rule regarding divestiture of jurisdiction . . . does not apply to collateral matters not affecting the questions presented on appeal." Id. at 773. Here, the matters on appeal to the Eleventh Circuit are unrelated to the question of whether the undersigned should recuse himself from any matters now pending in this Court. Additionally, the matters on appeal are unrelated to the question of whether this Court should appoint an attorney to represent Shabazz on any matters pending in this Court. Therefore, the Court finds that it has jurisdiction to address the Motion.[2]

There are two statutory provisions that address the bias or prejudice of a judge: 28 U.S.C.A. § 144 and 28 U.S.C.A. § 455. A party seeking the disqualification of a judge under § 144 is required to file an affidavit. 28 U.S.C.A. § 144 (West 2006). As Shabazz has not submitted an affidavit, the Court will not analyze his motion under § 144.

Section 455 of Title 28 directs, in part, that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C.A. § 455(a) (West 1993), or "[w]here he has a personal bias or prejudice concerning a party." Id. § 455(b)(1). In interpreting § 455, the Eleventh Circuit has explained that "[d]isqualification under section 455(a) is required only when the alleged bias is personal in nature." Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994). As the Eleventh Circuit further noted, "[F]or a bias to be personal, and therefore disqualifying, it must stem from an extrajudicial source. Thus, as a general rule, a judge's rulings in

---

[2] Insofar as Shabazz's Motion seeks review of any matters that were decided on the merits in previous Orders, the Court would not have jurisdiction to address those matters.

the same case are not valid grounds for recusal." Loranger, 10 F.3d at 780 (quoting In re Corrugated Container Antitrust Litig., 614 F.2d 958, 964 (5th Cir. 1980)) (other citations and internal quotations omitted).

Shabazz's Motion stems from his dissatisfaction with the Court's rulings in this case. There is no showing of "an extra-judicial source" for the bias which Shabazz alleges, nor has he offered any bases, other than his unhappiness with the Court's decisions, to support his claim that this Court cannot be impartial. Shabazz's displeasure with the Court's ruling is not a valid ground for recusal. Accordingly, the Motion is denied insofar as it seeks recusal.

In addition to seeking recusal, Shabazz requests an attorney to represent him. Section 1915 of Title 28 authorizes the district courts to request an attorney to represent any person unable to afford counsel. 28 U.S.C.A. § 1915(a)(1) (West 2006). However, given that final judgment has been entered in this case, the Court sees no reason to appoint an attorney to represent Shabazz as to any matters in this Court. Therefore, his Motion is denied insofar as it seeks appointment of counsel. This Court leaves to the discretion of the Eleventh Circuit the issue of whether Shabazz should have the benefit of appointed counsel on appeal. In view of all of the foregoing, therefore, Shabazz's Motion (Doc. 97) is hereby denied.

**SO ORDERED**, this the 2nd day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls